STEPHEN J. SLATTERY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. J. CAMERON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF ROBERT M. TIETZ, LOUISE C. TIETZ, ADMINISTRATRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9312–9314. Promulgated January 10, 1928.

*Franklin C. Parks, Esq.,* for the petitioners.
*M. N. Fisher, Esq.,* for the respondent.

OPINION.

SIEFKIN: As we construe the transaction set out in the above findings each of the three petitioners parted with a one-fourth interest in assets costing $75,000 or $18,750 each, and received (1) a twelfth interest (one-third of Miller's one-fourth interest) in the remaining assets of the former partnership; (2) a one-third interest in $15,000 cash paid by Miller; and (3) a one-third interest in a possible right to receive $4,818.94 (depending upon a future event

which did not happen). We adopt the valuation placed by the parties upon Miller's interest. Based upon such value the net assets of the partnership were $180,724.24.

The assets of the partnership excluding the assets sold, were thus of a value of $120,543.18, assuming that the consideration paid by Miller for the contracts was their value. Upon such basis each petitioner, at the time of the transfer, received an interest in property worth $10,045.26, cash of $5,000 and the possibility of getting $1,606.31 more. We, therefore, hold that in 1922, when the contingency governing the last item was still undetermined, each petitioner had sustained a loss of $2,098.43 which was deductible in that year. Until it was determined that each would not receive an additional payment of $1,606.31 that portion is not deductible.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*